## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. CAPO,                              )
                                             )      2:04cv1473
                    Plaintiff,               )      Electronic Filing
                                             )
        v.                                   )      Judge Cercone
                                             )      Magistrate Judge Caiazza
PITTSBURGH BOARD OF PUBLIC                   )
EDUCATION, *et al.*,                         )
                                             )
                    Defendants.              )

## MEMORANDUM ORDER

On September 30, 2004, this case was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On October 24, 2006, the magistrate judge issued a Report (Document No. 79) recommending that the Defendants' Motion for Summary Judgment (Document No. 40) be granted in part and denied in part, as described in the Report. Service of the Report and Recommendation was made on the parties, and the Defendants filed objections on November 8, 2004. *See* Document No. 80.

The Defendants' objections are OVERRULED. The magistrate judge's Report, which will be adopted as the opinion of the District Court, explicitly or implicitly addresses a majority of the Defendants' arguments. A few words are appropriate, however, regarding their overarching objection, namely that more of the legal issues identified in their moving papers should have been resolved on summary judgment. *See, e.g.,* Defs.' Objs. at 2 ("There are significant issues of law . . . which are ripe for resolution" and "will require resolution before this case can be presented to a jury. Both parties are deserving of rulings on these issues[,] which will guide [the] further proceedings . . . in this matter.").

As the magistrate judge correctly observed, "Federal Rule 56 does not contemplate . . . summary judgment for a portion of a single claim in suit." *See* Report at 6 (citations and internal

quotations omitted).  To the extent the Defendants sought judgment on issues involving more than "a portion of a single claim in suit," the Report explained why their arguments failed. *See generally id.*

This does not leave the Defendants without a remedy, however.  There will be ample avenues and mechanisms to resolve any truly "significant issues of law" "before this case [is] presented to a jury."  After the final settlement conference, the court can in the exercise of its discretion provide defense counsel with ample opportunities to address all necessary legal issues through a verity of mechanisms and procedures, including further conferences and  the filing of motion(s) *in limine*, a Rule 50 motion and so forth.[1]

The magistrate judge did his job at the Rule 56 stage, namely to explain why the Defendants have not established their entitlement to summary judgment regarding all portions of the Plaintiff's surviving claims.  Any remaining legal disputes appropriately were held in abeyance for resolution through subsequent proceedings and motions practice.

Accordingly, after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following Order is entered:

AND NOW, on this _____ **8** _____ day of March, 2007,

IT IS ORDERED that the Defendants' Motion for Summary Judgment (**Document No. 40**) be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to plaintiff's claims under the Equal Protection Clause at Count II, the Pennsylvania Wage Payment Collection Law embodied in Count VII and  the National Origin claim at Count VIII, as more fully described in the magistrate judge's Report.  The motion is denied in all other

---

[1] The Defendants' desire to suppress certain evidence regarding Mr. Capo's numerous complaints and legal theories brings to mind the maxim, "be careful what you wish for."  As can be gauged by the magistrate judge's reaction, it is entirely conceivable that the more the jury hears of the Plaintiff's grievances, the better for the Defendants. *Cf., e.g.,* Report at 14 & n.8 (discussing "overly sensitive or litigious workers," and acknowledging potential for them to "wield[ the discrimination laws] as a sword" rather than "as a shield").

aspect. The magistrate judge's report as augmented above is adopted as the opinion of the Court.



David Stewart Cercone
United States District Judge


cc:     Honorable Francis X. Caiazza
        United States Magistrate Judge

        Edward A. Olds, Esquire
        1007 Mount Royal Boulevard
        Pittsburgh, PA 15223

        Vicki L. Beatty, Esquire
        Brian P. Gabriel, Esquire
        Campbell, Durrant & Beatty
        555 Grant Street
        Suite 310
        Pittsburgh, PA 15219